# APRIL TERM, 1835.

LEWIS COMBS v. GEORGE JOLLY and JAMES JOLLY.

To constitute a valid will of real estate under the statute of New-Jersey, the testator must sign the will in the presence of the subscribing witnesses. A mere acknowledgment of his signature is insufficient.

To support an instrument as a will of personal estate, it must be shown that it was intended and understood to be a will, and executed as a will.

APPEAL from a decree of the orphans' court of the county of Middlesex, refusing probate of an instrument propounded as the will and testament of Lewis Jolly. The instrument exhibited for probate was as follows, to wit:—

"To all persons to whom these presents may concern. I, Lewis Jolly, of the township of South Amboy, county of Middlesex, and state of New-Jersey, being weak of body, but of sound mind and memory, (blessed be God,) do nominate, ap-

[Combs v. Jolly.]

point and authorize my friend, Lewis Combs, of the same place, to be my administrator (after my decease) to collect all my debts whatsoever, and to give receipts for the same in his own name, and the same to make use of as he may think proper; and to pay all just demands against me and my estate for funeral charges or otherwise; and to dispose of my real and personal property as he may think proper, to his own benefit, without let, suit, hindrance or molestation from my heirs or any other person claiming any right or title for the same from or under them or any of them. In witness whereof, I have hereunto set my hand and seal, this third day of May, in the year of our Lord one thousand eight hundred and twenty-seven.

"LEWIS JOLLY. [L. S.]

"Signed and sealed in the presence of Henry B. Smyth, Caleb T. Smith and Aaron Combs."

*Adrain,* for appellant.

*Disborough,* for the respondents.

THE ORDINARY. The paper offered for probate as the last will and testament of Lewis Jolly, bears date on the third day of May, eighteen hundred and twenty-seven, and purports to be signed by said Lewis Jolly as the testator; and by Henry B. Smyth, Caleb T. Smith and Aaron Combs as attesting witnesses.

In support of the will only one of the witnesses has been called; the other two having departed this life before the testator. The testimony of Caleb T. Smith, who is the surviving witness, is wholly insufficient to make out the factum of the will, and leads to a suspicion that the instrument was palmed upon the testator as one of a very different character.

As a will to devise real estate, it cannot be proved. Our statute (*Rev. Laws,* 7), requires all such wills to be made in writing, signed and published by the testator in presence of three subscribing witnesses. This paper was not so signed. Caleb

[Combs v. Jolly.]

T. Smith swears expressly that "Mr. Jolly did not sign the will in his presence." He merely acknowledged it. There is a wide difference between signing the will in the presence of the witnesses, and acknowledging the execution of it. Under the English statute, 29 *Car.* 2, it is held that the acknowledgment is sufficient; but by that statute it is directed that the will shall be in writing, signed by the party making it, and attested and subscribed in the presence of the devisor by three or four credible witnesses.

The supreme court, in the late case of *Den* v. *Mitton*, 7 *Hals.* 70, gave a strict construction to our act, and held that the signing must be in presence of the subscribing witnesses, and that a mere acknowledgment was insufficient. That decision has been acquiesced in, and having been pronounced by the proper legal tribunal, I feel no disposition to call it in question.[*]

Again: The will was not published by the testator as his last will and testament. Such is not the form of the attestation, which is simply, "Signed and sealed in the presence of." This might not be important if the publication was sufficiently proved by the testimony of the witnesses. Smith says, Jolly acknowledged it to be his hand and seal, in answer to the question from one of the other subscribing witnesses, and that it was for the uses and purposes therein mentioned. And again he says expressly, "Mr. Jolly did not declare the instrument to be his last will and testament." I incline, with the chief justice in the case already cited, to doubt whether this is sufficient; and I think that the safer rule is to require a literal construction of the statute, in regard to the publication as well as the signing. In the case now before the court, there was not only no publication by the testator, or any one for him, but the witness did not even understand that the instrument was intended for a last will and testament; on the contrary, he understood it to be an article for a certain piece of land.

The death and signatures of the other two subscribing witnesses are proved; but their testimony, if present, whatever it

* Accord. *Den* v. *Matlack*, 2 *Har.* 86.

might be, could not authorize the probate of this instrument as a will of real estate.

Nor can it be proved as a will of personal estate under the evidence. To make it such will, it must be shown that it was intended and understood to be a will, and executed as a will. This is not proved ; on the contrary, the witness says that Mr. Jolly, the alleged testator, and Mr. Combs, one of the witnesses, both told him that it was an article for a piece of land. Again he says, He does not remember whether the instrument was read to him or not ; he does not think it was, but he thinks he had a pretty fair understanding that it was an article for a piece of land : he was told so by Mr. Jolly and the others. If this testimony is to be believed, (and it is from the executor's own witness, uncontradicted,) there is an end of the case. If Jolly spoke the truth, and actually believed what he said, he could not have executed the paper as a will ; he could have had no such intention, and without such intention there can be no will.

The fact that the other witnesses also told Smith that it was an article for a piece of land, shows either that they did not know themselves what the instrument was, or that they were deceiving Smith ; and why they should deceive Smith, except for the purpose of deceiving Jolly too, who was present at the time, I am at a loss to conjecture.

But it is unnecessary to speculate on the subject. The will cannot be admitted to probate either as a will of lands or of goods ; and the decree of the orphans' court must be affirmed, with costs to be paid by the appellant.

Decree affirmed.